U.S. DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
RECEIVED - LAFAYETTE

OCT 21 2014

TONY R. MOORE, CLERK
BY _____ DEPUTY

**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF LOUISIANA**
**LAFAYETTE DIVISION**

Jones, et al

versus

Union Pacific Railroad Co.

Civil Action No. 6:14-2541

Judge Richard T. Haik, Sr.

Magistrate Judge C. Michael Hill

**ORDER**

Before the Court is a Motion To Remand filed by all plaintiffs, Dillan Babarba, Elijha Babarba, Kevin Ben, Karlie A Dixon, Jones Ernest, Sr, Nicolevya M Freeman, Constance Jones, E'mon Jones, E'zel R Jones, Erneshia Jones, Ernest Jones, Jr, Ora L Jones, Denise A Jordan, Kaleb Jordan, Angelo Joseph, Stanley K Joseph, Jacob Joubert, Jr, Ieshia Y Lafontaine, Hilton LeCompte, Mildred M LeDee, Travis Lewis, Wilfred Lewis, Jr, Christine Malbrew, Dezirae Malbrew, Charleen Mallet, Charlene Mallnoga, Larry Mallnoga, John D Marshall, Henry Jr McClain, Denitra L Meche, Rebecca Miller, Robert R Miller, Gloria A Moore, Martin U Moore, Ada M Morgan, Carl D Ned, Dexter J Ned, Frederick J Ned, Jeanne R Ned, Lee Belle Ned, Anthony L Papillion, Cierra S Papillion, Courtney O Papillion, Donavan S Papillion, Ella R Papillion, George Papillion, Jr, Herbert J Papillion, Jermaine Papillion, Paige J Papillion, Hunter L Pitre, Janice Pitre, Joyce S Pitre, Russell R Pitre, Joseph Lee Porter, Candace P Randell, Kadyn S Randell, Kevin C Randell, Kevin W Randell, Sharon A Randle, Johanna Reviere, Ashlyn K Richard, Aubrey C Richard, Austin Richard, Brenda Richard, Cormen Richard, Jr, Herman Richard, Howard Richard, John Richard, Kyron J Richard, Miranda F Richard, Patricia A Richard, Racheal Richard, Scotty Richard, Tammara R Richard, Zachery Richard, Mabel Noel Robert, Rufus Robert, Brandy N Robinson, Breana Rubin, Bridget D Rubin, Ervin Rubin, Aaliyah L Sally, Mary Evelyn Sam, John N Semien, Joyce M Semien, Markel Kesler Semien, Mary E Semien, Mary D Semien, Nolton Semien, Pamela B Semien, Trevor O Sterling, Braylon Thiobeaux, Carson

Williams [Rec. Doc. 10] and defendant, Union Pacific Railroad Company's, opposition thereto [Rec. Doc. 13].

The ninety-three individual plaintiffs named in this lawsuit originally filed this action in the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana alleging they each suffered damages as the result of a Union Pacific Railroad Company train derailment in Lawtell, Louisiana. *R. 1.* Defendant filed a Notice of Removal to this Court on August 21, 2014 contending that the Court has diversity jurisdiction in this action pursuant to 28 U.S.C. § 1332. *Id.* Based on the record and the law, the Court finds that remand is appropriate, as follows.

Federal district courts are courts of limited jurisdiction, possessing only the power authorized by the Constitution and by statute. *Halmekangas v. State Farm Fire and Cas. Co.*, 603 F.3d 290, 292 (5th Cir.2010). Accordingly, federal courts have subject-matter jurisdiction only over civil actions presenting a federal question and those in which the amount in controversy exceeds $75,000 and the parties are citizens of different states. 28 U.S.C. §§ 1331, 1332. For that reason, a suit is presumed to lie outside a federal court's jurisdiction until the party invoking federal-court jurisdiction establishes otherwise. *Howery v. Allstate Ins., Co.*, 243 F.3d 912, 916 (5th Cir.2001). Because "the effect of removal is to deprive the state court of an action properly before it, removal raises significant federalism concerns." *Carpenter v. Wichita Falls Indep. Sch. Dist.*, 44 F.3d 362, 365 (5th Cir.1995). The removal statute must therefore be strictly construed, and any doubt about the propriety of removal must be resolved in favor of remand and against federal-court jurisdiction. *Acuna v. Brown & Root Inc.*, 200 F.3d 335, 339 (5th Cir.2000). The party invoking subject-matter jurisdiction in federal court has the burden of establishing the court's jurisdiction by a preponderance of the evidence. *Howery v. Allstate Ins. Co.*, 243 F.3d at

2.

919. When an action is removed from state court, as this suit was, the removing party bears the burden of proving that federal-court jurisdiction exists. *Shearer v. Southwest Service Life Ins. Co.*, 516 F.3d 276, 278 (5th Cir.2008). Accordingly, Union Pacific Railroad, the removing party, has the burden of establishing that this Court has subject-matter jurisdiction over this action.

    To remove a case based on diversity jurisdiction, a defendant must demonstrate "that all of the prerequisites of diversity jurisdiction contained in 28 U.S.C. § 1332 are satisfied." *Smallwood v. Illinois Central Railroad Co.*, 385 F.3d 568, 572 (5th Cir.2004) (en banc). Thus, the removing defendant must establish that the amount in controversy exceeds $75,000 and the parties are diverse in citizenship. 28 U.S.C. § 1332. Here, the parties do not dispute that diversity is present, but only whether the jurisdictional amount is satisfied.

    In order to remain in federal court, "the removing defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000." *Gebbia v. Wal–Mart Stores, Inc.*, 233 F.3d 880, 882 (5th Cir.2000). This burden can be satisfied either by demonstrating that the amount in controversy is facially apparent from the plaintiffs' pleadings or by setting forth the facts in controversy, with summary-judgment-type evidence, that support a finding of the requisite amount. *Luckett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999). "The preponderance burden forces the defendant to do more than point to a state law that *might* allow the plaintiff to recover more than what is pled. The defendant must produce evidence that establishes that the actual amount in controversy exceeds [the jurisdictional amount]." *De Aguilar v. Boeing*, 47 F.3d at 1412 (emphasis in original). Thus, the district court must first examine the complaint to determine whether it is facially apparent that the plaintiff's claims exceed the jurisdictional threshold; if it is not facially apparent, the court may then rely on summary-judgment-type evidence to ascertain the amount in controversy. *Luckett*, 171 F.3d at 298. Any doubts as to the propriety of removal should be

construed strictly in favor of remand. *Manguno v. Prudential Prop. and Cas. Ins. Co.*, 276 F.3d 720, 723 (5th Cir. 2002).

Plaintiffs argue that remand is appropriate in this case based on the stipulation in the Petition which states, "[e]ach plaintiff stipulates that his/her individual claim does not exceed $50,000.00." *R. 1, ¶ 14*. In Louisiana, plaintiffs are not permitted to plead a specific dollar amount of damages. Louisiana Code of Civil Procedure Article 893(A)(1); *see, also, In re 1994 Exxon Chemical Fire*, 558 F.3d 378, 388 (5th Cir. 2009). Thus, "[l]itigants who want to prevent removal must file a binding stipulation or affidavit with their complaints." *De Aguilar v. Boeing Co.*, 47 F.3d 1404, 1412 (5th Cir.1995). Post-removal affidavits, stipulations or amendments reducing the amount in controversy will not deprive a court of jurisdiction.[1] *St. Paul Mercury Indemn. Co. v. Red Cab Co.*, 303 U.S. 293, 293 (1938). While plaintiffs' petition does not contain a "binding stipulation or affidavit," there is an indication on the face of the petition that the amount in controversy is less than the jurisdictional minimum in that the plaintiffs do not request a trial by jury, which, under Louisiana law, would require an amount in controversy of $50,000, an amount well below the jurisdictional minimum. Louisiana Code of Civil Procedure Article 1732(1). The failure to request a jury trial might be an indication that the amount in controversy falls below the necessary threshold. *Trahan v. Drury Hotels Co., LLC*, No. 11-521, 2011 WL 2470982, at *4 (E.D. La. June 20,2011) (J. Fallon), citing *Corkern v. Outback Steakhouse of Fla., Inc.*, No. 05-5487, 2006 WL 285994, at *4 (E.D. La. Feb. 6, 2006) (J. Vance).

Plaintiffs allege in the Petition that they have suffered "adverse health consequences" such as "respiratory distress, watery eyes, coughing, sore throats, breathing impairments." They list the categories of damages they seek to recover as: "Costs of medical treatment; Past

---

[1] The Fifth Circuit has held that post removal affidavits may be considered if the basis for jurisdiction is ambiguous at the time of removal. *Gebbia*, 233 F.3d at 883.

present and future lost wages; Past, present and future mental anguish; Loss of enjoyment of life; Inconvenience to their persons and property; Nuisance; Medical monitoring expenses; Contamination to their property; [and] Trespass." Plaintiffs, however, fail to provide any quantification of their individual or collective damages. Nor does the Petition contain any information concerning which plaintiffs sought medical treatment or the nature or cost of any treatment or identify any plaintiffs with property damage claims or the value of such claims. Thus, the Petition does not provide any facts that would permit reasonable estimate of the plaintiffs' actual damages to be calculated.

Yet, the defendant contends that it "has clearly satisfied its burden of showing, by a preponderance of the evidence, that the amount in controversy exceeds $75,000, exclusive of interest and costs." The defendant, however, has submitted no evidence to support a finding by a preponderance of the evidence that the amount in controversy for any plaintiff's claim in this action exceeds $75,000. Rather, the defendant asserts that the $75,000 threshold is facially apparent because the types of damages sought to be recovered by the plaintiffs in this case are similar to the categories of damages sought to be recovered by the plaintiffs in other Fifth Circuit cases.

The defendant's reasoning is unpersuasive. "The type of damages sought to be recovered does not determine whether the amount in controversy requirement has been satisfied. Instead, the amount of damages sought to be recovered governs the inquiry. *Benjamin v. Multi-Chem Group, L.L.C.*, 2012 WL 3548060, 3 (W.D.La.,2012). Under 28 U.S.C. § 1332, the amount in controversy must exceed $75,000 exclusive of interest and costs regardless of the type of damages claimed. Here, the defendant presents no evidence attempting to establish the amount sought to be recovered by the plaintiffs in this lawsuit.

While there are certain situations in which the nature of the alleged injury or the type of damages claimed will support a conclusion that the amount-in-controversy threshold has

5.

been crossed, that is not the case here.[2] When "the list of damages contained in the petition . . . does not provide the Court with any guidance as to the actual monetary amount of damages," the amount in controversy is not facially apparent. *Moore v. Louisiana Generating, LLC*, No. 09-789-C, 2010 WL 565383, at *2 (M.D. La. Feb. 17, 2010). The Court cannot determine, from the face of the plaintiffs' petition, the precise nature of any one of the plaintiffs' injuries or whether any one of the plaintiffs has likely sustained damages in an amount exceeding $75,000.

Accordingly, as the Court is without subject matter jurisdiction to hear this suit,

**IT IS ORDERED** that plaintiff's Motion To Remand [Rec. Doc. 10] is **GRANTED** and the Clerk of this Court is to remand this action to the Twenty-seventh Judicial District Court, St. Landry Parish, Louisiana.

Thus done and signed this 20th day of October, 2014 at Lafayette, Louisiana.

_____
RICHARD T. HAIK, SR.
UNITED STATES DISTRICT JUDGE

---

[2] *See, e.g., Davis v. Grider*, 2000 WL 634655, at *2 (5th Cir. 2000); *Stockstill v. Wal-Mart Stores, Inc.*, No. 10-95-FJP-SCR, 2010 WL 6494058, at *2 (M.D. La. Dec. 20, 2010) ("A review of the types of injuries alleged in the petition at the time of removal clearly establish that the jurisdictional amount has been met. As the defendants pointed out, these injuries include serious head, brain, and neurological injuries to a 2 ½ year old child. Plaintiff also described [the child's] injuries as severe, lifelong, and debilitating.")